UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN EDWARD TAGHON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:17-CV-559 JD |
| | ) |
| DEPUTY BLAIR, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Stephen Edward Taghon, Jr., a *pro se* prisoner, alleges that Deputy Blair and the Classification Supervisor at the St. Joseph County Jail issued a false conduct report against him in retaliation for his complaining about safety and security issues at the jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taghon alleges that in late June and early July 2017, dangerous gang activity was taking place at the St. Joseph County Jail. Essentially, two rival gangs were continually fighting and Taghon feared for his safety. In an attempt to put an end to the violence, Taghon submitted a complaint to jail officials warning of more potential gang activity. Deputy Blair received the complaint and placed that section of the jail on lock down. An investigation ensued. After the

1

investigation, Taghon was charged with lying to staff, attempting to manipulate housing, and disorderly conduct. Taghon alleges that he is innocent of these charges. He claims that Deputy Blair and the Classification Supervisor simply chose to charge him with these offenses in retaliation for complaining about the safety concerns at the jail.

"To prevail on his First Amendment retaliation claim, [Taghon] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Taghon's complaint to prison officials about conditions at the jail, if true, constitutes protected speech. Based on the allegations contained in the complaint, the defendants made the decision to falsely charge him with disciplinary infractions based on his protected speech. Though further fact finding may reveal that Deputy Blair and the Classification Supervisor decided to charge him with these disciplinary offenses for some permissible reason, Taghon has adequately plead his retaliation claim.

For these reasons, the court:

(1) **GRANTS** Stephen Edward Taghon, Jr., leave to proceed against Deputy Blair and the Classification Supervisor at the St. Joseph County Jail in their individual capacities for compensatory and punitive damages for retaliating against him by issuing false conduct reports for his complaining about the conditions of the jail, in violation of the First Amendment;

(2) **DISMISSES** all other claims**;**

(3) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Deputy Blair and the St. Joseph County Jail Classification Supervisor with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy Blair and the Classification Supervisor to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: September 14, 2017

                                              /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court