UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| STEPHEN EDWARD TAGHON, JR. *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 3:17-CV-559 JD |
| DEPUTY BLAIR, *et al.*, | ) ) | |
| Defendants. | ) ) | |

OPINION AND ORDER

Stephen Edward Taghon, Jr., a *pro se* prisoner, was originally granted leave to proceed against Deputy Blair and an unnamed Classification Supervisor at the St. Joseph County Jail for retaliating against him by issuing false conduct reports for his complaining about the conditions of the jail. ECF 7. Taghon then requested leave to amend his complaint in order to "correctly identify a misidentified defendant . . . , and add and revise additional supporting facts and claims to his original complaint." ECF 19. Taghon was granted leave to amend his complaint. ECF 21. Taghon has now filed an amended complaint. ECF 22. As intended, Taghon added to his claim that he was issued a false conduct report in retaliation for his complaining about safety and security issues at the jail. Id. at 7-12. However, he did not stop there. His amended complaint includes many other parties and claims, which the court must address.

1

To start, Taghon named as a co-plaintiff "St. Joseph County Jail Prisoners" and asks to have this case certified as a class action. ECF 22 at 1-4. This the court cannot do.

> Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

*Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). It would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); see also *Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009). Therefore this case will not be certified as a class action and "St. Joseph County Jail Prisoners" will be dismissed.

Next, in addition to amending the retaliation claim he is proceeding on, Taghon included a number of unrelated claims in his amended complaint. He sues unnamed "defendants" for housing him in the J6-Unit in the summer of 2016. Id. at 13-15. He sues Warden Julie Lawson, Sheriff Michael Grzegorek and the St. Joseph County Jail for not reporting various crimes within the jail to the local prosecutor. Id. at 15-16. He complains that the housing units at the jail are racially imbalanced. Id. at 17. He complains that Sgt. Fisher, Belinda Schroeder and Julie Lawson instructed Deputy Rose to subject him to a strip search and place him in segregation for complaining about the racially imbalanced housing at the jail. Id. at 19. And, he complains that he was subjected to filthy conditions of confinement in his cell and was then retaliated against

2

for filing a grievance about those conditions. Id. at 20. These claims are not dependant upon, or related to, the other as they involve different defendants, different incidents that took place on separate dates, and involve different sets of operative facts. Thus, all of these claims do not belong in the same lawsuit. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). When the case is in its infancy, it is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). The court could also split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Usually this option is fraught with complications. Prisoners, even indigent ones, must pay the filing fee eventually because pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee . . .." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). Multiple cases mean multiple filing fees and the possibility of multiple strikes. *George*, 507 F.3d at 607. Normally, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk

3

of additional strikes. Thus, the court will not split the unrelated claims into separate cases.

The court could also properly limit this case by picking a claim (or related claims) for him because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler,* 689 F.3d at 683. This option seems to be the best available option here, since Taghon is already proceeding on a claim in this case. Accordingly, the court will select the claim that Taghon is proceeding on - retaliation based on his reporting safety conditions at the jail in June and July of 2017 - and will dismiss the remaining unrelated claims. Notably, this retaliation claim is unrelated to the other various claims of official misconduct that allegedly took place at the jail. Taghon may raise those unrelated claims in different lawsuits, but not in this one.

Now that the claim has been selected, the court must screen it under 28 U.S.C. § 1915A. The Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). In determining whether the complaint states a claim, the Court applies the same standard as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. The Court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Taghon alleges that in late June and early July 2017, dangerous gang activity was taking place at the St. Joseph County Jail. Essentially, two rival gangs were continually fighting and Taghon feared for his safety. In an attempt to put an end to the violence, Taghon submitted a complaint to jail officials warning of more potential gang activity. Deputy Blair received the complaint and placed that section of the jail on lock down. An investigation ensued. After the investigation, Taghon was charged with lying to staff, attempting to manipulate housing, and disorderly conduct. Taghon alleges that he is innocent of these charges. He claims that Deputies Blair, Kiljoe, VanVynkt, and Rayl chose to charge him with these offenses in retaliation for complaining about safety concerns at the jail. This resulted in Taghon being placed in disciplinary segregation, where he was deprived of various privileges and visitation rights.

"To prevail on his First Amendment retaliation claim, [Taghon] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to

5

take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Taghon's complaint to prison officials about conditions at the jail, if true, constitutes protected speech. Based on the allegations contained in the complaint, the defendants collectively made the decision to falsely charge him with disciplinary infractions based on his protected speech. Though further fact finding may reveal that these four deputies decided to charge him with these disciplinary offenses for some permissible reason, Taghon has adequately plead his retaliation claim.

For these reasons, the court:

(1) GRANTS Stephen Edward Taghon, Jr., leave to proceed against Kylie Blair, Deputy Kiljoe, Deputy VanVynkt, and Deputy Rayl in their individual capacities for compensatory and punitive damages for retaliating against him by issuing false conduct reports for his complaining about the conditions of the jail in June and July of 2017, in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES St. Joseph County Jail Prisoners, Belinda Schroeder, St. Joseph County Jail, Julie Lawson, Michael Grzegorek, Sgt. Fisher, Deputy Brothers, and Dean Heath from this case;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Deputy Kiljoe, Deputy VanVynkt, and Deputy Rayl with a copy of this order

and the amended complaint (ECF 22) as required by 28 U.S.C. § 1915(d) at the St. Joseph County Sheriff's Department;

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Kylie Blair, Deputy Kiljoe, Deputy VanVynkt, and Deputy Rayl to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(6) LIFTS the stay in this case.

SO ORDERED on April 10, 2018.

       /s/ JON E. DEGUILIO
Judge
United States District Court